## J. H. Fawver, Appellant, v. Charles Bailey, Appellee.

SALES—*when obligation to deliver terminated.* If delivery has been tendered according to contract and improperly refused the vendor becomes thereafter absolved from any obligation to deliver.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

EARL D. RIDDLE and WELTY, STERLING & WHITMORE, for appellant.

WIGHT & ALEXANDER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* to recover damages alleged to have been sustained through the failure of the defendant to deliver corn sold by him to the plaintiff. The declaration consists of two counts, one

charging the sale of 1700 bushels of corn at fifty cents a bushel, and the other the sale of 1200 bushels at the same price, all to be delivered during the month of December, 1909. A verdict was returned for the defendant, upon which judgment was rendered.

The evidence discloses that the plaintiff was a grain buyer at Sabina, Illinois, and the defendant a farmer living in the vicinity. On August 25, 1909, the defendant sold to the plaintiff 1000 bushels of corn at fifty cents a bushel, and shortly thereafter an additional 700 bushels at the same price, all to grade number 3 and for December delivery. In November of the same year the defendant sold to the plaintiff an additional 1200 bushels at the same price and for the same delivery. Because of shortage in cars the plaintiff was not ready to receive the corn until the 24th day of December, although some time between the 9th and 12th of December, and again on the 20th of December, the defendant asked to be allowed to deliver the same. On the afternoon of the 24th of December, the plaintiff notified the defendant that he was ready to receive the corn. Defendant refused to deliver the same, and afterward sold it to another. By this action the plaintiff seeks to recover the difference between the contract price of fifty cents a bushel and the market price at the time the corn was to have been delivered under the terms of the contract. It is urged as ground for reversal that the trial court erred in its rulings upon the admissibility of evidence and in instructing the jury.

Much of the argument of counsel in this court was devoted to the question as to the proper legal construction of the word "by" as used in the contract. We do not deem it necessary to determine the same. Under the terms of the contract of sale the defendant had the right to tender the corn to the plaintiff at any time during the period specified therein, and the plaintiff was bound to accept the same when so tendered.

It is undisputed that the defendant on at least two occasions prior to December 24th, offered to deliver the corn to the plaintiff, and that the plaintiff refused to receive the same. Upon such refusals the defendant became released from any obligation under the contract to thereafter deliver. The court so instructed the jury.

Under the uncontroverted facts and the law applicable thereto the judgment of the Circuit Court was proper, and notwithstanding the record is not free from error, substantial justice was done. The judgment of the Circuit Court is affirmed.

*Affirmed.*